PIERCE, Chief Judge.
In this case petitioner Benny Canto, on July 10, 1972, filed petition for writ of ha-beas corpus, seeking his discharge from custody while serving a sentence in the State Prison of fifteen years imposed upon him in July, 1955, by the Hillsborough County Criminal Court of Record. We issued the rule, returnable before our 2nd District 'Court for the reason that more than fifteen years had elapsed between imposition of sentence and filing of the ha-beas corpus petition, and we desired that the facts be made known to our Court through the Attorney General’s office.
The Attorney General has now made response to the writ, and from the response the following facts appear: After Canto was sentenced as aforesaid on July 25, 1955, he escaped from prison on November 2, 1955, thereby losing 108 days of gain time; he was charged and sentenced on April 13, 1956, to serve five years in the state prison for stealing an automobile in Gadsden County; on May 17, 1957, he again escaped from custody and in the process lost an additional 288 days of gain time; on November 12, 1957, he was informed against in the Hillsborough County Criminal Court of Record with unlawful possession of a firearm, to which he pleaded guilty in the presence of his counsel and was sentenced to serve one year in the state prison; in September and October, 1959, he lost 15 total days “on administrative charges”; on April 12, 1960, he was released on parole; thereafter, while on parole, he was informed against in the Hillsborough County Criminal Court of Record for breaking and entering and larceny, was tried and convicted therefor and sentenced to four years and three months on the burglary charge, with sentence being deferred on the larceny charge; on June 2, 1961, his parole was again revoked and lost an additional 227 days gain time; on September 6, 1964, he again escaped, remaining at large 251 days and in the process lost 580 days in addition to the escape time; on September 16, 1970, he unsuccessfully filed petition for writ of habeas corpus in this 2nd District Court, raising the same issues now before the Court; on December 29, 1970, he sought relief in the Hillsborough County Criminal Court of Record by motion to vacate the original judgment and sentence, again raising the same issues now before this Court, which motion was on January 12, 1971, denied; by order of July 14, 1972, the same Hills-borough Court again denied a “supplemental” motion to vacate the judgment and sentence the Court specifically finding that all allegations made by Canto were insufficient or non-prejudicial.
So it seems that Canto’s time since his original sentence in July of 1955, has been largely consumed intermittently with escapes, apprehensions, revocation of paroles, new sentences, and Court hearings seeking *226 release. All Court and prison proceedings as aforesaid since his original conviction and sentence have been documented in detail in the response to the writ filed here by the Attorney General.
It affirmatively appears that Canto was represented by his own private counsel in the original proceedings leading to his conviction and sentence and, so far as the record here now shows, he has never been without counsel in all subsequent proceedings.
From all the foregoing, it abundantly appears that Canto is not now entitled to discharge from custody, but must, like all other persons, pay his legal debts to society for his numerous transgressions.
The petition for writ of habeas corpus is hereby denied.
So ordered.
LILES and McNULTY, TJ., concur.